10509

RICHARDSON v. COOLER *ET AL.*
COOLER *ET AL.* v. RICHARDSON.

(104 S. E. 305.)

1. ACTION—ONLY ONE CAUSE OF ACTION STATED BY TIMBER GRANTEE AGAINST GRANTOR AND SUBSEQUENT GRANTEES OF FEE.—Where the assignee of timber deeds, which reserved to the grantors payments to be made to procure extension, joined in one suit the grantors and the subsequent grantees of the fee, who claimed an interest in the renewal money, to have the Court decide conflicting claims, only one cause of action was stated.

2. ACTION—NO MISJOINDER BECAUSE TWO GRANTORS OF TIMBER RIGHTS WERE JOINED.—Where husband and wife conveyed the timber on their separate lands, with provision for renewal of removal right on payment, etc., the joinder of both husband and wife in an action by the timber grantee against them and their children, to whom they had conveyed the fee of the lands, was proper; it being impossible to determine whether tracts conveyed were not composed partly of lands belonging to both husband and wife, and the children claiming interest in the renewal money.

3. ABATEMENT AND REVIVAL—PENDENCY OF ACTION AT LAW No GROUND FOR DEMURRER.—Where grantees of the fee of lands, timber rights in which had already been granted, brought actions of trespass against the timber grantee, contending that, as renewals had not been paid to them, the right of removal had expired, the pendency of such actions of trespass was no ground for sustaining a demurrer by the original grantors and the grantees of the fee to a complaint in another action brought by the timber grantee to determine the rights to the renewal moneys.

4. PARTIES—GRANTORS AND GRANTEES OF LAND PROPERLY JOINED, IN ACTION BY GRANTEE OF TIMBER RIGHTS TO ADJUDICATE RIGHTS TO RENEWAL MONEY.—Where grantors of timber right claimed renewal money, although they had previously conveyed the fee of the land to their children, such conflicting claims warranted the joinder of the grantors, in an action by the timber grantee to determine who was entitled to the renewal moneys.

5. LOGS AND LOGGING—TIMBER GRANTORS' RESERVED RIGHT TO RENEWAL MONEY DID NOT PASS TO SUBSEQUENT GRANTEES OF FEE.—Where grantors of timber rights by their deeds expressly reserved to themselves the right to renewal money, to be paid to procure an extension of the time of removal, the fact that the grantors conveyed the fee of the land to others did not destroy their right to the renewal money, the grantees of the fee taking it subject to the reservation,

and hence such grantees could not maintain an action of trespass against the timber grantee because he was removing timber, though he had not paid them the renewal moneys.

Before Peurifoy, J., Beaufort, October, 1919.  Affirmed.

Action by Walter E. Richardson against J. A. Cooler *et al.;* and four actions by W. R. Cooler *et al.* against Walter ·E. Richardson.  From order overruling a demurrer to the complaint in the first named action, and from orders sustaining demurrers to the complaints in the other four actions, the Coolers appeal,—the five cases being heard together.

*Messrs. H. Klugh Purdy* and *W. N. Heyward,* for appellants.  *Mr. Heyward* cites: *Action brought under act of 1916 (29 Stat. 928). Right to land implies right to profits accruing therefrom:* 20 S. C. Eq. 354; 16 R. C. L. 665. *And payment of renewals under lease to original lessor, who had parted with title, did not extend lease:* 108 S. C. 325.

*Mr. W. J. Thomas,* for respondent, cites: *Lessee not prejudiced in absence of notice of conveyance by paying rent to lessor:* 1 Civ. Code 1912, sec. 3512. *Right to cut timber was a lease:* 108 S. C. 324. *Notice must be personal unless otherwise provided by law:* 90 S. C. 549; 20 R. C. L. 343. *Pendency of one suit between parties will not abate one subsequently brought unless there be substantial identity of parties:* 1 Enc. Pl. & Pr. 757, 758; 1 R. C. L. 13; 80 S. C. 64; 30 S. C. 501.

October 11, 1920.

The opinion of the Court was delivered by Mr. Justice Hydrick.

Richardson sued the defendants, they demurred to his complaint, their demurrers were overruled, and they appealed.  Four of the defendants sued Richardson, he

demurred to their complaint, his demurrers were sustained, and they appealed.    The five cases were heard together.

The facts are: On May 7, 1906, Sarah A. Cooler conveyed to American Lumber & Manufacturing Company (hereinafter called the company) the timber of 350 acres, and her husband, J. A. Cooler, conveyed to the company the timber on an adjoining tract of 88 acres.    Mrs. Cooler's deed gave the company and its assigns 10 years from date to remove the timber, and 5 years' additional time, "on paying to me, the said Sarah A. Cooler, sixty dollars per annum for each additional year after the first ten years." J. A. Cooler's deed contained a like provision for additional time, on payment to him of $30 for each additional year after the first ten years.

After the expiration of the 10-year period, the company paid to Mr. and Mrs. Cooler annually the sums stipulated in their deeds for additional time (hereinafter called renewal money).    On June 6, 1918, the company conveyed all the rights under both deeds to Richardson, who has paid the renewal money to Mr. and Mrs. Cooler notwithstanding in the meantime and before he purchased the timber there had been put upon record six deeds from Mr. and Mrs. Cooler to their six children, who are defendants herein. By these deeds separate and distinct parts of the tracts described in the timber deeds had been conveyed in fee to each of the children, but the several tracts were described in the deeds in such manner that it was impossible to tell how much cleared land had been conveyed to each child, or whether some of the tracts conveyed were composed in part of the father's tract and in part of the mother's, and, if so, how many or which of them were so composed, and what the proportions were.

The father and mother assured Richardson, before and after he purchased from the company, that the deeds had not been delivered; that it was not their intention to convey

to their children their right to the renewal money, which was not mentioned in the deeds; that the children so understood, and would sign an instrument of writing to that effect. The children did not sign such an instrument, but, on the contrary, after Richardson had begun to cut and remove the timber, four of them on whose tracts he was cutting sued him in separate actions, alleging that he and the company had failed to pay to them the renewal money, or any part thereof, and, therefore, the right to cut the timber on their respective tracts was forfeited, and each of them prayed for damages, and injunction against further cutting and removing of the timber.

Richardson then brought this action, making the father and mother and their six grantees parties defendants, and, after stating the facts above, prayed the Court to decide to whom the renewal money shall be paid, whether to the father and mother, or to their grantees; and, if to the latter, in what proportions; or that he be allowed to pay the money into Court, and let the defendants determine the proper division thereof among themselves. The father and mother demurred to his complaint for misjoinder of causes of action, on the ground that no privity is alleged between them, and for insufficiency, because it appears that they were not the owners of the reversion when the money was paid to them. And the four sons who had sued Richardson demurred, on the ground that it appears that another action is pending between the same parties for the same cause, and for insufficiency, on the ground that it appears that their father and mother were not the owners of the reversion when the renewal money was paid to them.

These demurrers were properly overruled. Only one cause of action was stated, and that was a cause of action in favor of Richardson against all the defendants who had claimed an interest in the renewal money, to have the Court adjudicate their conflicting claims to it, and decide to whom it shall be paid, and, if to the

children, in what proportions. The contention that misjoinder arises from the fact that originally the titles of the father and mother to their respective tracts were separate and distinct from each other, and neither has any interest in the conveyances of the other, is untenable, because it is alleged, and admitted by the demurrer, that the conveyances were so made that it is impossible to tell whether some of the tracts conveyed are not composed of parts of the tracts originally owned by both father and mother, which made it necessary (in one view of the case) to join them in the same action with their grantees, in order that the rights of all parties in interest may be finally adjudicated without multiplicity of actions.

The ground that Richardson's complaint shows another action pending is so obviously unsound as to require no discussion of it. The other actions are not between the same parties; nor are they based upon the same cause of action. They are actions at law for damages for trespass, and for injunction against further trespass, while this is an action in equity to finally determine in one action the rights of all parties in interest, and thereby prevent multiplicity of actions.

The common ground of demurrer (taken by the father and mother and the sons) that the complaint is insufficient, because it appears that the father and mother were not the owners of the reversion when the renewal money was paid to them, is likewise untenable for two reasons: (1) It is alleged, and admitted by the demurrer, that the father and mother claimed the renewal money and that their sons and grantees also claimed it, and that some of the latter had sued Richardson for damages because it had not been paid to them. Their conflicting claims to the money were enough to entitle him to make them parties to an action to have the Court decide to whom it should be paid. And (2) because it appears from the complaint that

the reverse of the contention raised by this ground of demurrer is true: that is, that the father and mother are entitled to the renewal money, notwithstanding they were not the owners of the reversion, when it was paid to them. That is so because by the express terms of their deeds to the company it is to be paid to them, and not to their assigns or grantees of the land.

The case of *Fairfield Timber Co. v. Simmons*, 108 S. C. 323, 94 S. E. 491, sustains respondent's contention, notwithstanding it was held in that case that the renewal money should go to the grantors' assigns, or grantee of the reversion. That decision was based upon the provision in the timber deed there construed that "All benefits and advantages herein provided for either of the said parties shall accrue to their respective heirs, executors, administrators or assigns, as the case may be."

The Court adverted to the fact that the timber deed did not state to whom the renewal money should be paid, and held that, "in the absence of any provision in the deed to the contrary," the renewal money belongs to him who has the title to the land at the time it accrues and from whose ownership the interest is then created. But here the deeds do contain provisions to the contrary, for they expressly provide that the renewal money shall be paid to the respective grantors, and not to them or their assigns; hence, in the absence of any assignment by the grantors of their right to the renewal money, their grantees took title to their respectives tracts subject to the right of their grantors, expressly reserved, to that money, as well as subject to the right of the company and its assigns (Richardson) to the timber, on payment of the renewal money to their grantors, according to the terms of their deeds to the company.

It follows that Richardson's demurrers to the complaints of the four sons who sued him were properly sustained. These demurrers were based on the ground that these gran-

tees had stated no cause of action against Richardson, because they alleged that the renewal money had not been paid to them, when, as we have seen, it was not due to them, but to their grantors.

The orders appealed from are affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES FRASER and GAGE concur.

MR. JUSTICE WATTS dissents.