19037

Ann DeWees Jenkins JUDSON, Sue J. Mauney, Mary J. Fennell, Caroline J. Judson, and William A. Jenkins, Appellants, v. A. G. SOLOMONS and S. B. Solomons, as executors of the Last Will and Testament of William E. Solomons, and S. B. Solomons, Individually, Respondents.

(174 S. E. (2d) 151)

*Messrs. Harvey, Harvey & Battey,* of Beaufort, *for Appellants,*

*Messrs. Robinson, McFadden & Moore,* of Columbia, *for Defendants-Appellants,*

*Messrs. Harvey, Harvey & Battey,* of Beaufort, *for Appellants, in reply,*

April 8, 1970.

LITTLEJOHN, Justice.

The circuit court ruled that A. G. Solomons and S. B. Solomons, as Executors of the Last Will and Testament of

William E. Solomons, deceased, did not have authority to execute a deed of real estate to S. B. Solomons. The court further ordered that the sum of $22,240 paid by S. B. Solomons to the executors to exercise an option to buy the land, be paid to the clerk of court for Hampton County and held until either party proceeds against the money.

Both the plaintiffs and the defendants have appealed. The plaintiffs are five of twenty-nine heirs who would take the 278 acres involved if it be held that S. B. Solomons has no right to purchase.

By agreement of counsel the case was tried before the judge without a jury, based on the pleadings, the lease-option signed by William E. Solomons in favor of S. B. Solomons, the will of William E. Solomons, and the executors' deed. There is no dispute as to the facts involved.

On the 23 of November, 1964 William E. Solomons leased the land involved to his nephew, S. B. Solomons, for the years 1966 through 1970, terminating on January 1, 1971. In addition to the general provisions, the lease, agricultural in nature, provided:

"In addition, this agreement is to acknowledge the desire of W. E. Solomons, hereinafter referred to as Owner, and to grant by the Owner, for the sum of one ($1.00) Dollar, and other valuable consideration, an Option to purchase to S. B. Solomons, hereinafter referred to as the Purchaser, to buy from the Estate of the Owner, within one (1) year after the date of the Owner's death, two parcels of adjoining land containing the above designated farm land and totaling two hundred seventy eight (278) acres, more or less, at a price of eighty ($80.00) Dollars per acre or twenty-two thousand, two hundred and forty ($22,240.00) Dollars."

On January 19, 1967, William E. Solomons died, leaving a will dated March 3, 1965. His will did not include a specific disposition of the leased 278 acres which is now the subject of this action. After making specific dispositions of many properties, the residue clause gave his remaining prop-

erties to twenty-nine nieces and nephews, all of whom were named in his will.

On or before June 30, 1967 and within one year after the death of William E. Solomons, his nephew, S. B. Solomons, to whom the lease and option had been granted, paid to himself and to A. G. Solomons in their capacity as executors, the sum of $22,240 in payment for the land described in the lease and option. On the same day the executors signed and delivered a deed conveying the land to S. B. Solomons individually.

No distribution of the money has been made. On May 21, 1968 five of the twenty-nine nieces and nephews of the testator who are beneficiaries under the residuary clause of the will, commenced this action to set aside and nullify the deed executed June 30, 1967.

In his order cancelling the deed and directing that the purchase money be paid to the clerk of court, the judge, in discussing the law and the facts, indicated that in his opinion the option was valid and enforceable; that no question of timely acceptance was involved, and that the payment by the purchaser to the executors would constitute an exercise of the option under the contract with the deceased.

The extent of the order, as we construe it, was to hold that the executors were not authorized by the will to make a deed and to direct that the $22,240 be paid to the clerk of court and held until either party takes some appropriate action.

It is obvious from the order of the lower court that additional proceedings are contemplated and required. Twenty-four persons, whose rights could be affected by a decision, are not parties to the action at this time. The validity of the option and the effect of tender to the executors, and possibly other issues, must be determined.

We are of the opinion that the rights of the parties involved in this litigation cannot properly be finally determined until all interested parties are brought into the action.

Amendments bringing all necessary parties before the court should be allowed, as well as amendments raising the issue of legal tender, validity of the option, and other relevant issues of law and of fact. If, by reason of this appeal the $22,240 has not already been paid to the clerk of court, it is in order that such be deposited there until the court determines what disposition should be made of it.

Remanded.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.