## 19341

In re Ann DeWees Jenkins JUDSON et al., Appellants, v. A. G. SOLOMONS and S. B. Solomons, as Executors of the Last Will and Testament of William E. Solomons, and S. B. Solomons, Individually, Respondents.

S. B. SOLOMONS, Plaintiff, v. A. G. SOLOMONS and S. B. Solomons, as Executors of the Last Will and Testament of William E. Solomons, et al., Defendants.

(185 S. E. (2d) 821)

344

*W. Brantley Harvey, Esq.,* of *Harvey, Harvey & Battey,* Beaufort, *for the Plaintiffs-Appellants,* cites:

*Messrs. Robinson, McFadden, Moore & Pope,* of Columbia, *for the Respondent,* cite:

December 29, 1971.

*Per Curiam.*

This action arises out of the same facts and circumstances and involves the identical parties and issues as were previously before this Court. 254 S. C. 144, 174 S. E. (2d) 151. We remanded this case to the lower court with instructions to bring all necessary parties before the court, to allow amendments to raise the issues of legal tender, validity of the option, and other relevant issues of law and fact.

Upon remand, one of the original defendants, S. B. Solomons, who is now Respondent, brought a supplemental action against the Executors of the Estate of William E. Solomons and all of the residuary beneficiaries of the Estate of William E. Solomons, including the original plaintiffs. The summons and complaint in the supplemental action brought before the Court all necessary parties and raised the issues of legal tender, validity of the option and estoppel on the part of the original plaintiffs.

All residuary beneficiary defendants in the supplemental action executed a disclaimer, with the exception of the original plaintiffs, who are now appellants. An answer was filed on behalf of appellants.

By stipulation, this matter was again considered on the merits by Judge Julius B. Ness on all pleadings as well as the lease and option and the will of W. E. Solomons. The record on appeal of the previous case is made a part of the record of this appeal by reference.

By his Order dated March 30, 1971, Judge Ness, for the reasons stated therein, determined that the option in question was valid, that legal tender had been made by the respondent S. B. Solomons and that he was entitled to have the property in question conveyed to him.

This is an appeal from the Order of the lower court. After careful consideration of the record, in the light of the exceptions, we are convinced that the Order of Judge Ness prop-

erly disposed of the issues raised. Let the Order appealed from be published as the opinion of the Court.

The judgment of the lower court is, accordingly,

Affirmed.

### ORDER OF JUDGE NESS

William E. Solomons owned considerable real estate including a tract of 278 acres, more or less, in Hampton County. On November 23, 1964, pursuant to, the terms of a written instrument, he leased this 278 acre tract to his nephew, S. B. Solomons, for the years 1966 through 1970, terminating on January 1, 1971. In addition to the general provisions of the lease, the instrument contained the following language:

"In addition, this agreement is to acknowledge the desire of W. E. Solomons, hereinafter referred to as Owner, and to grant by the Owner, for the sum of $1.00, and other valuable consideration, an option to purchase to S. B. Solomons, hereinafter referred to as the Purchaser, to buy from the estate of the Owner, within one (1) year after the date of the Owner's death, two parcels of adjoining land containing the above designated farm land and totaling 278 acres, more or less, at a price of $80.00 per acre or $22,240.00."

On March 3, 1965, William E. Solomons executed his Last Will and Testament wherein he exhaustedly and in great detail, disposed of all of his real and personal property, but *omitted any reference to the 278 acre tract which was the subject of the lease and option.* The residuary clause of the Will named 29 nieces and nephews to share equally in the residue. Included among the residuary beneficiaries are S. B. Solomons, the purchaser under the option, and the five plaintiffs who originally instituted this action to have the option declared null and void.

William E. Solomons died on March 19, 1967 and on April 4, 1967 his Will was admitted to probate in Hampton County.

On or before June 30, 1967 and within one (1) year after the death of William E. Solomons, S. B. Solomons, to whom the lease and option had been granted, paid to himself and to A. G. Solomons in their capacity as executors, the sum of $22,240.00 in payment for the tract of land described in the lease and option. On the same day the executors signed and delivered a deed conveying the land to S. B. Solomons individually.

On May 21, 1968, the original plaintiffs, five of the twenty-nine nieces and nephews of William E. Solomons listed as beneficiaries under the residuary clause of his Will, commenced an action to have the deed from the executors to S. B. Solomons declared null and void. By stipulation of the parties, this matter was heard by me on the pleadings, lease and option and the Will.

By my Order of September 15, 1969, I held that the option from W. E. Solomons to S. B. Solomons was valid and enforceable and that payment by S. B. Solomons to the executors, for the benefit of the estate was a valid exercise of the option. I further held that the conveyance from the executors to S. B. Solomons was null and void for the reason that the executors had no power under the Will to convey real estate. It was therefore ordered that the purchase money in the hands of the executors be turned over to the Clerk of Court for Hampton County until further action could be taken by the parties to effect a final resolution of the dispute.

This Order was appealed in part to the Supreme Court of South Carolina by the plaintiffs and defendants. The Supreme Court issued its opinion on April 8, 1970 wherein the case was remanded to this Court with the following instructions:

"We are of the opinion that the rights of the parties involved in this litigation cannot properly be finally determined until all interested parties are brought into the action. Amendments bringing all necessary parties before the Court

should be allowed, as well as amendments raising the issue of legal tender, validity of the option and other relevant issues of law and of fact."

In order to be fair, to everyone, I feel that it should be stated here that this Court was advised at the initial hearing that all the residuary beneficiaries which included all necessary parties, and their respective attorneys, had stipulated that they would be bound by the Court's decision however for reasons unknown to this Court, this stipulation was not included within the record on appeal.

On remand, S. B. Solomons effected amendments to bring all persons before the Court that were interested as residuary beneficiaries under the Will of William E. Solomons. All such beneficiaries, with the exception of the original plaintiffs, have executed disclaimers to the real estate involved in favor of S. B. Solomons.

It appears to me that all persons having any interest in this controversy are again before the Court and that there exists no dispute among the parties as to the facts in this case. By stipulation this matter has again been considered on the pleadings as well as the lease and option and the Will of W. E. Solomons. It is conceded by both sides that there are only three relevant issues to be decided which will finally conclude this matter. As set forth in the brief on behalf of the original plaintiffs, those issues are as follows:

"1. The validity of the option;

"2. Was the payment of $22,240.00 to the executors of the estate of William E. Solomons 'for the benefit of the estate' a valid tender of the purchase money mentioned in the alleged option binding upon the residuary beneficiaries under Mr. Solomons' Will; and

"3. Whether or not the original plaintiffs in this action are barred and estopped from claiming any interest in the land described in the alleged option."

The original plaintiffs attack the validity of the option on the grounds that it is void as constituting a testamentary

directive and further that the option is unforceable because the purchase is to be made from "the Estate of the Owner", which term does not represent a person or entity against whom enforcement can be maintained.

No authorities have been presented to the Court to support the position that this option is void as a testamentary directive. On the other hand, it appears obvious that the instrument contained in the option created a right in S. B. Solomons immediately with only the enjoyment of the right being postponed until a future time. The instrument under attack did not postpone creation of the option until after the death of the owner, only the date for exercise of such right was postponed. Under the law of South Carolina, these facts clearly prevent the instrument from being construed as a testamentary directive. *Hydrick, et al. v. Hydrick,* 142 S. C. 531, 551, 141 S. E. 156.

In my opinion the recent South Carolina case of *Lindler v. Adcock,* 250 S. C. 383, 158 S. E. (2d) 192, is controlling authority on the question of the validity of the option in this instance. There the Court held that the purchaser had a valid option to purchase lands of the grantor upon his death even though the instrument creating the option made no provision whatever as to whom the purchase price would be paid or who would execute the deed. In construing the terms of the option, that construction which will effectuate the intent of the grantor is to be determined. Although the term "estate" may not designate a specific entity, the intention of the grantor was complied with by payment to his executors who personally represented his estate. The South Carolina Supreme Court has held that the word estate, in ordinary usage, has several meanings and in many instances is loosely used. When such is the case, the intent of the grantor by such usage should be determined. *Cannon, et al. v. Ballenger, et al.,* 222 S. C. 39, 71 S. E. (2d) 513. I am of the opinion, as stated in my previous order, that the option in this instance was valid.

On the question of tender, the original plaintiffs take the position that legal title to the tract of land in question passed to the residuary beneficiaries upon the death of the testator and consequently tender of the purchase price should have been made to the twenty-nine (29) residuary beneficiaries rather than to the executors of the owner's estate. In support of this contention, they rely on the South Carolina case of *Cothran et al. v. Long Cane Lumber Co.,* 141 S. C. 387, 139 S. E. 850, and the North Carolina case of *Mizell v. Dennis Simmons Lumber Company,* 174 N. C. 68, 93 S. E. 436. In both of these cases the option involved a timber deed and was exercisable within a period of time designated by reference to *calendar dates.* In both cases, the Court held that since the grantor died *prior* to the date provided for exercise of the option, that payment under the option must be made to heirs of the owner rather than to the personal representatives of his estate since title to the real estate involved passed to the heirs rather than to the personal representatives.

In both of these cases, however, the Court specifically stated that had the owner made some specific provision as to whom the purchase price should be paid, such direction would be controlling and payment to such person would constitute a valid exercise of the option. In the instant case, the instrument containing the option provided from whom the purchase should be made and therefore brings this case within the principle set forth in the case of *Richardson v. Cooler, et al.,* 115 S. C. 102, 104 S. E. 305, rather than the cases previously cited. In the *Richardson* Case *supra,* at page 107, 104 S. E. at page 307 the South Carolina Supreme Court held as follows:

"* * * 'In the absence of any provision in the deed to the contrary,' the renewal money belongs to him who has the title to the land at the time it accrues and from whose ownership the interest is then created. But here the deeds do contain provisions to the contrary, for they expressly provide

that the renewal money shall be paid to the respective grantors, * * *."

As distinguished from the option involved in the previous cases, the option granted by W. E. Solomons was exercisable only *after* his death and the instrument specifically provided that the purchase should be from the "Estate of the Owner". In the case of *Carter v. Wroten et al.,* 187 S. C. 432, 198 S. E. 13, it has been held that the term "estate of" is neither synonymous or equivalent to the word "heirs". It has been held that the word "estate" should be construed in a sense that will accomplish and not defeat the purpose of the instrument in which it is used. *Cannon, et al. v. Ballenger, et al.,* 222 S. C. 39, 71 S. E. (2d) 513.

In my opinion it is obvious that the grantor of this option, William E. Solomons, intended that the purchase price be paid to the executors under his Will as personal representatives of "the Estate of the Owner", rather than requiring the purchaser to *make tender to each of the twenty-nine nieces and nephews* referred to in the residuary clause. First of all, it should be noted that the word "Estate" is capitalized in the option. This would indicate that the grantor was making reference to a specific entity rather than a general term covering his heirs or residuary beneficiaries.

It should also be noted that the Will, executed subsequent to the lease and option, omitted any reference to this particular tract of land, indicating that the testator anticipated distribution of the purchase money rather than any interest in the specific real estate. It should also be noted that provision was made for other persons to exercise the option in the event S. B. Solomons failed to do so, consequently, there is no indication that the testator intended for the residuary beneficaries to receive any interest in this specific real estate by devise. Another indication that the testator never intended or conceived of the residuary beneficiaries receiving title to this tract of land is that the pro-

vision for rents accruing after the death of the testator also directed payment "to the Estate of the Owner" rather than to any named beneficiaries. The executors represent the estate and it is obvious that W. E. Solomons intended that the purchase price be paid to his executors and that the distribution of such funds be made under the provisions of the Will. It is held in 86 C. J. S. Tender § 39, page 577:

"Money due the estate of a deceased person may be tendered to the personal representative * * *."

It is my opinion that payment by S. B. Solomons to the executors of the purchase price provided in this option was in compliance with the intent of the grantor and constituted valid and sufficient tender to effect an exercise of this option. This decision is based on the authority of the case of *Richardson v. Cooler, et al.,* 115 S. C. 102, 104 S. E. 305, and *also on the equitable ground* that this Court should not require more of S. B. Solomons in exercising this option than what the grantor intended or what is reasonable under the circumstances. In re Hayes Estate, Sup., 84 N. Y. S. (2d) 593.

Attorneys for S. B. Solomons further advance the interesting theory that under the facts in this case it should be held that an equitable conversion of this real estate occurred at the time the option was granted and therefore the purchase price was substituted for the real estate at that time. Under my version of the law applicable to this case, it is not necessary to decide what date an equitable conversion occurred. For similar reasons I have not considered the contention of S. B. Solomons that the original plaintiffs are estopped to question the validity of the exercise of this option.

It is my opinion that the option herein referred to is valid and enforceable and that such option has in fact been exercised by the said S. B. Solomons by full and sufficient tender of the purchase price to the executor of the estate of William E. Solomons, and I so find as a matter of fact and law

that tender to the executors was proper even though the executors could not execute the deed. The Court will supply the deed.

It also appearing that all interested parties, with the exception of Ann DeWees Jenkins Judson, Sue J. Mauney, Mary J. Fennell, Caroline J. Judson and William A. Jenkins, the original plaintiffs in this action, have disclaimed any interest in the tract of land that is the subject of this action in favor of S. B. Solomons and that the purchase price of $22,240.00 paid by S. B. Solomons is now on deposit with the Clerk of Court of Hampton County pursuant to the previous Order of this Court, it is therefore,

Ordered, Adjudged and Decreed,

1. That title in and to the tract of 278 acres, more or less, that is the subject of this action be and the same hereby is vested in S. B. Solomons, free and clear of any claims of the defendants or anyone claiming under them by reason of anything involved in this proceeding.

2. That the Clerk of Court for Hampton County is hereby directed to pay over to, the Executors of the estate of William E. Solomons the sum of $22,240.00 deposited with said Clerk pursuant to the previous Order of this Court, to in turn be distributed by the executors to the residuary beneficiaries under the Will of William E. Solomons, as their interest may appear.

3. That the said Ann DeWees Jenkins Judson, Sue J. Mauney, Mary J. Fennell, Caroline J. Judson and William A. Jenkins be and they hereby are directed and ordered to execute a deed to S. B. Solomons conveying to him any right, title and interest that either of them may have in the aforesaid tract of 278 acres, more or less, that is the subject of this action.

It is so ordered.