## CHAVIS v. CHAVIS.

LIMITATION OF ESTATES.—A DEED granting a life estate in the body, and a fee simple in the habendum and warranty clauses, with conditions subsequent upon performance of the conditions, becomes a fee simple.

Before KLUGH, J., Orangeburg, 1899. Affirmed.

Action by William Chavis against Wm. J. Chavis, Luther M. Chavis, Maria E. Gardner and Joshua O. Ulmer.

The following is so much of the Circuit decree as pertains to the construction of the deed:

It appears that Rachel Patterson, the mother of Sarah Chavis, conveyed to her said daughter the lands which are the subject of this litigation by a deed dated August 2, 1864. This deed was recorded on July 10, 1869, by the register of mesne conveyance for Orangeburg County. The decision of this controversy depends upon the construction of the said deed. (See opinion for deed.) It is manifest from an analysis of this deed that, first of all, a life estate by implication or construction of law is granted to Sarah Chavis. The language of the grantor is: "I do grant, bargain, sell and release unto my daughter, Sarah Chavis, three tracts of land." At common law, a conveyance to a grantee without a limitation to his heirs, creates a life estate. 2 Minor Inst. (2d ed.), 89. And this is the well established doctrine in South Carolina. *McMichael* v. *McMichael,* 51 S. C., 557, and cases cited. In the second place, the deed (in the "condition") expressly bestows upon Sarah Chavis a life estate: "I give the said tracts of land to my said daughter, Sarah Chavis, upon the following conditions, that my said daughter shall hold and enjoy said lands during her lifetime." This is the exact *quantum* of the estate already bestowed upon her by the granting clause. The deed, in the third place (in the same "condition"), gives to the children of Sarah Chavis an estate in the following language: "And after her (Sarah's) death, to go to all her children." This is also a life estate by implication, there being no word of inheritance to indicate an intention in the grantor to confer a greater estate. The language here used cannot be construed to create a fee conditional in Sarah Chavis. The words "all her children" are co-extensive with the primary signification of the words "heirs of her body," and might be so construed if it were necessary to do so in order to effectuate the intention of the grantor. *Archer* v. *Ellison,* 28 S. C., 242. But no such necessity exists, and such a construction is forbidden by the terms of the deed. The intention as expressed by the language of the grantor is that the children of Sarah Chavis shall take a life estate in succession to and not in conjunction

with her. The case falls within the third resolution in Wild's case, 6 Coke, 17. *Reader* v. *Spearman,* 6 Rich. Eq., 92. If the deed had stopped here, there would have been a reversion, by implication, after the termination of the two life estates, to the grantor or her heirs. But the deed goes on, after setting forth the condition prohibiting control of the husband, and the further condition for the grantor's support, which last constitutes the valuable consideration for the deed, to confer upon the grantee the largest possible enjoyment of the estate so granted, as if the grant were of the fee, "together with all and singular the rights, members, hereditaments and appurtenances to the said premises belonging or in anywise incident." Then comes the *habendum,* "To have and to hold all the premises heretofore mentioned, unto the said Sarah Chavis, her heirs and assigns forever," completely sweeping away any idea of revision in the grantor ; and as if to make the intention more certain and absolute, she binds herself and her heirs against all persons lawfully claiming or to claim the same, or any part thereof, a warranty imperfectly expressed but effectual to estop herself and her heirs from asserting any manner of claim to the premises. The effect of this *habendum* is to enlarge the estate conveyed by the granting clause in the premises into a fee simple, in accordance with the third principle deduced by the Chief Justice and laid down in his dissenting opinion in the case of *McLeod* v. *Tarrant,* 39 S. C., 280, which is approved in the case of *McMichael* v. *McMichael,* 51 S. C., 558 : "Where there are no words of inheritance in the premises, in which case the grantee would take only a life estate by implication, then resort may be had to the terms of the *habendum* to ascertain the quantity of the estate intended to be conveyed, and those terms may, if sufficient, rebut such implication." The deed then vests a fee simple estate in Sarah Chavis. Apparently the grantor attempted by way of a condition to exclude the husband from any interest in the land, by declaring that the daughter should enjoy said lands for her lifetime, and after her death they should go to all her children,

and should be in no wise subject to the debts, contracts or engagements of her present or any future husband; but she also had in mind the intention, and it was her uppermost thought—the very purpose for which the deed was made—to convey away from herself the fee simple and to vest it in her daughter. This is manifest from the terms used, construing all parts of the deed together, and from the circumstances surrounding the parties,—a mother desirous to confer a benefit upon her daughter, and at the same time to make provision for being herself supported and cared for in her old age by that daughter. The attempt to exclude the husband, therefore, only resulted in creating a separate estate in the wife over which the husband had no control during her lifetime. *Franklin* v. *Creyon,* Harp. Eq., 250. It did not limit the fee nor prevent its descent, according to the established rules of law. The purpose expressed by the condition is secondary to the main intention of the grantor, which is to be gathered from the entire deed; and so far as the condition is inconsistent with or repugnant to such intention, it must be disregarded. *Moore* v. *Sanders,* 15 S. C., 440. This is true, no matter in what portion of the deed the condition occurs. If the condition in this deed be transposed to its orderly place among the parts of the deed, after the *habendum,* it becomes apparent how irreconcilable it is with the main purpose of the grantor. Such transposition is permissible in searching for the intention of the grantor. *McCown* v. *King,* 23 S. C., 235. With such change the deed reads as follows: "I do grant, &c., unto my daughter, Sarah Chavis, three tracts of land * * * together with all and singular the rights, members, hereditaments and appurtenances to the said premises belonding or in any wise incident * * * to have and to hold all the premises heretofore mentioned unto the said Sarah Chavis, her heirs and assigns forever. I give the said tracts of land to my said daughter, Sarah Chavis, upon the following conditions, that my said daughter shall hold and enjoy said lands during her lifetime, and after her death to go to all her children. The same to be in no wise

subject to the debts, contracts or engagements of her present husband, or any husband she may hereafter marry," &c.

With respect to the condition for the grantor's support, it is sufficient to say that it was a condition subsequent, and no question arises upon it. So far as appears to the contrary, it was faithfully performed by the grantee. At all events, the qualifications annexed by it to the estate of the grantee and any right of forfeiture to the grantor upon condition broken, died with the grantor. Returning to the first "condition," it is evident that, so far as it can be said to be a condition at all, it, too, is a condition subsequent. "A condition is a qualification annexed to an estate, whereby it is to arise (in which case it is called a condition precedent, that is, precedent to the arising of the estate,) or is to be defeated (when it is styled a condition subsequent, that is, subsequent to the arising of the estate,)" 2 Minor Inst., 224; see, also, *Hammond* v. *Railroad,* 15 S. C., 32. Certainly, this condition cannot be said to precede the arising of the estate of Sarah Chavis; in other words, the arising or creation of her estate is not dependent on the performance of anything required by this condition. The intention of the grantor was to give to Sarah Chavis an estate in fee simple, and this intention is expressed in direct and absolute terms. The condition is an effort to set limitations upon the fee simple, by which it is to be cut down to a life estate in the grantee, followed by a life estate after her death in her children. This exceeds the powers of the grantor with reference to the estate granted. "An estate in fee simple is the entire and absolute property of the subject, and, therefore, when one grants such an estate, he can make no further disposition of the property, for he has already granted the whole and entire interest that is possible for him to have." 2 Minor Inst., 72. So when the grantor attempts to carve out of a fee simple already granted a life estate to arise upon the death of the grantee, and to invest the same in another, she attempts to do that which she has herself put it beyond her power to do. The condition is inconsistent with the estate granted, and is

12—57

void. If we consider the clause in question along with that which immediately follows it, prohibiting the control of the husband, it might be taken to be a condition subsequent—equivalent to the grantor's saying that the estate given to her daughter was to be in no wise subject to the debts, contracts or engagements of the present or any future husband, and if such control by him were at any time permitted or attempted, then the estate should go to the children. If that construction were adopted, then it is not claimed that such condition was ever broken by Sarah Chavis or her husband; therefore, the title remained in her till her death, when it descended in accordance with law. Forfeitures are abhorred, and all conditions working forfeitures are construed strictly. *Hammond* v. *R. R. Co., supra.* Therefore, the Court will construe this deed so as to preserve the estate in the grantee, unless it is absolutely necessary in carrying out the plain intention of the grantor to give it a contrary construction. Even if we reject the *habendum* entirely, as being inconsistent with the condition, and as indicating less plainly than the condition the true intention of the grantor, then we will have an estate for life in the grantee, with remainder for life in her children, and the reversion of the fee in the grantor, which descended at her death to her heirs. So far as appears, her daughter, Sarah Chavis, was her only heir, and the fee thus became vested in her by descent. Her life estate could not merge in the fee, for the life estate in her children was an intermediate estate; but there was nothing to prevent the fee from descending to her heirs; and so, in this view, William Chavis is entitled to one-third of the fee, subject to the life estate of his children. It may be that his right to partition, if this construction is adopted, would be postponed, because of the lack of unity of possession with his children, who are now in possession as life tenants. *Cannon* v. *Lomax,* 29 S. C., 369. But this would be to deny also to the children the right of partition which they have already attempted to exercise. And besides, the life tenants have not only excluded him from the possession, which, in

the view now under consideration, they have the right to do, but they absolutely deny that he has any rights in the premises, and have taken steps, by a partition between themselves of the fee and the conveyance of a part of the premises to strangers, etc., to destroy his interest.   He, therefore, has the right to have this Court interpose its powers to protect and secure his interests, and to afford him such relief as will give him a present enjoyment of his property, which otherwise must be postponed to a period when, in all probability, he will be beyond the enjoyment of earthly endowments. The inconvenience of such a construction is apparent.   It is less reasonable also, and embodies less perfectly the intention of the grantor, than that which preserves the *habendum* at the expense of a part of the condition.   If there be any doubt as to the intention to grant to Sarah Chavis a fee simple, there can certainly be no doubt of the grantor's intention to provide for herself maintenance, support, clothing and nursing during her lifetime.   The condition which she annexes to the grant for this purpose accomplishes it perfectly, if the deed gave to Sarah Chavis a fee simple; for it is a condition subsequent which accompanies the fee during the lifetime of the grantor, and if broken at any time by the grantee or her heirs, operated a forfeiture, and gave to grantor the right to re-enter and take back the estate to her self.   If, however, the grant to Sarah Chavis was of a life estate merely, subject to this condition for the grantor's support, and followed by a life estate to the children of Sarah Chavis, without such condition annexed to it, then the grantor's provision for her own support was precarious, and dependent on her daughter surviving her.   She could not claim a forfeiture of the children's life estate, once they came into possession of it, for the condition extended not to them. The contention that this is a trust deed, or that it is a covenant to stand seized to uses, cannot be sustained.   There is no element of either character to be found in the deed.   It is a conveyance of a fee simple, qualified by conditions, the first of which was inconsistent with the estate granted, and,

therefore, void, and the others have been discharged by the deaths of the grantor and grantee.

Defendants appeal.

*Messrs. Wm. C. Wolfe, Raysor & Summers,* and *Glaze & Herbert,* for appellants, cite: 20 S. C., 428; 17 S. C., 536; Strob. Eq., 102; 28 S. C., 129; 35 S. C., 314; 4 McC. Ch., 498; Harp., 492; 47 S. C., 293; 51 S. C., 555; 1 Hill Ch., 265; 15 S. C., 442; 19 S. C., 531; 23 S. C., 235; 28 S. C., 242; 3 Rich. Eq., 277; 21 S. C., 368; 13 S. C., 119; Bail. Eq., 227; 11 S. C., 306.

*Messrs. Izlar Bros.,* contra, cite: Harp. Eq., 350; 45 N. Y., 703; 39 S. C., 273; 32 S. C., 223; 51 S. C., 558; 20 L. R. A., 847; 23 S. C., 235; 34 Am. St. R., 163; 3 Burr., 1533; 5 T. R., 13, 292; 25 S. C., 289; 3 Hill, 194; 28 S. C., 242; 20 S. C., 428; 2 Strob. Eq., 102.

April 4, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This controversy turns entirely upon the question as to what is the proper construction of a deed from Rachael Patterson to her daughter, Sarah Chavis, then the wife of the plaintiff, and the mother of the defendants, Wm. J. Chavis and Luther M. Chavis. The plaintiff contends that under that deed the grantee, Sarah Chavis, took an estate in fee simple, and that upon her death intestate, he, as one of her heirs at law, became entitled to one-third of the land conveyed by the said deed; and that the object of this action is to obtain partition of the same. The defendants, on the other hand, contend that the said Sarah Chavis took under said deed only an estate for her life, with remainder to her children, Wm. J. Chavis and Luther M. Chavis—the latter of whom has conveyed his half of said lands in separate parcels, one to the defendant, Maria E. Gardner, and the other to the defendant, Joshua O. Ulmer, who are, therefore, made parties to this action. The

deed above mentioned reads as follows : "Know all men by these presents, that I, Rachael Patterson, for the natural love and conditions hereunder written, have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto my daughter, Sarah Chavis, three tracts of land (here follows descriptions of the land). I give the said tracts of land to my said daughter, Sarah Chavis, upon the following conditions : that my said daughter shall hold and enjoy said lands during her lifetime, and after her death to go to all her children. The same to be in no wise subject to the debts contracts and engagements of her present husband, or any husband she may hereafter marry; and also upon the express condition that my said daughter, Sarah Chavis, shall, according to her condition and means, maintain, support, clothe and nurse me during my lifetime. Together with all and singular the rights, members, hereditaments and appurtenances to the said premises belonging, or in anywise incident or belonging : To have and to hold all the premises heretofore mentioned unto the said Sarah Chavis, her heirs and assigns forever; and I do hereby bind myself, my heirs, against all persons lawfully claiming, or to claim, the same or any part thereof."

The case was heard by his Honor, Judge Klugh, who rendered his decree, which is set out in the "Case," and which should be incorporated by the Reporter in his report of this case. In that decree his Honor, sustaining the contention on the part of the plaintiff, reached the conclusion that Sarah Chavis took, under the deed above set out, an estate in fee simple; and consequently, upon the death of the said Sarah Chavis, intestate, the lands conveyed to her by the said deed were subject to partition amongst her heirs at law, in the proportion fixed by the statute for the distribution of the estates of intestates. The conclusion reached by the Circuit Judge is so fully and satisfactorily vindicated by the reasoning employed and the authorities cited by him, that it would be difficult to add anything to what he has so well said. We shall not, therefore, attempt to add anything to what is said

in the Circuit decree, but will simply adopt the same as the opinion of this Court.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.