8703

McCULLOUGH v. SPENCER.

DEEDS—LIMITATION OF ESTATES.—Under a deed for valuable consideration conveying lands to J. "and her children," "for her and her children alone absolutely" with habendum and warranty in usual forms, J. takes an absolute fee to the lands.

Before FRANK B. GARY, J., York, February term, 1913. Affirmed.

Action by Samuel M. McCollough *et al.* against J. T. Spencer. Plaintiffs appeal.

*Mr. William M. Wilson,* for appellants, cites: *Deed does not create a fee conditional:* Gray against Perpetuities, chap. 2, sec. 14; 64 S. C. 216; 1 Hill Eq. 282. *Children not synonymous to heirs:* 16 S. C. 227; 83 S. C. 270; 77 S. C. 227; 6 Rich. Eq. 401; 4 DeS. Eq. 400; 25 S. C. 289; 64 S. C. 216; 6 Coke, 16; 27 S. C. 524. *Office of parts of a deed:* 2 Black 298. *Of habendum:* 2 Black 298; 2 Minor 629; 39 S. C. 271; 47 S. C. 293; 4 McC. 200; 35 S. C. 330; 46 S. C. 370; 16 S. C. 295; 1 Strob. Eq. 347; 88 S. C. 298. *Of warranty:* 48 S. C. 347; 64 S. C. 216; 27 S. C. 514; 36 S. C. 100.

*Messrs. Spencer, Spencer & White,* contra, cite: *Julia takes an absolute estate:* 39 S. C. 279; 51 S. C. 558; 57 S. C. 173. *Children is used in granting clause for heirs:* 57 S. C. 177; 113 Am. St. R. 426; 83 S. C. 270; 13 Cyc. 623; Devlin, sec. 846e; 77 S. C. 228. *Habendum after controls construction:* Devlin, sec. 215a, 214. *Conduct of parties:* 77 S. C. 229; 13 Cyc. 608-9; Devlin, sec. 840; 89 S. C. 81. *Intention gathered from whole deed:* Devlin, sec. 844a; 13 Cyc. 601-7. *"Children" construed "heirs:"* 77 S. C. 227.

December 24, 1913. The opinion of the Court was delivered by

Mr. Justice Fraser. This is an action for partition. The defendant claims title to the whole land.

The only question before this Court is a construction of the following deed:

"Know all men by these presents, That I, John Ratterree, of York County, in the State aforesaid in consideration of the sum of Two hundred Dollars to me in hand paid by Sam'l McCollough of York County, in the State aforesaid,

have granted, bargained, sold and released, and by these Presents do grant, bargain, sell and release unto Julia Ann McCollough and her children all that tract of land containing seventy-six acres more or less situate in the County of York, on the waters of Four Mile Creek, adjoining the land of Levi Lock, W. J. Duffy, and D. F. Schooloy, for her and her children alone absolutely.

"Together with all and singular the Rights, Members, Hereditaments, and Appurtenances, to the Premises belonging or in any wise incident of appurtaining:

"To have and To Hold all and singular the premises before mentioned unto the said Julia Ann McCollough, heirs and assigns forever.

"And I do hereby bind myself, my Heirs, Executors and Administrators to warrant and forever defend all and singular the said Premises unto the said Julia Ann McCollough, her heirs and assigns against me and my heirs and all other persons lawfully claiming or to claim the same or any part thereof.

"Witness my Hand and Seal this 19th day of November in the year of our Lord one thousand eight hundred and seventy-four, and in the 99th year of the Sovereignty and Independence of the United States of America.

"Signed, Sealed and Delivered in the presence of

John P. Gage.

James Daniel.                    John Ratterree (Seal)"

"Duly proved November 19th, 1874. No seal to officers signature. Recorded November 21st, 1874, in Book Z, page 248. Office of R. M. C. York County, S. C."

The question is, did Julia Ann McCollough take a fee simple or as tenant in common with her children?

The Circiut Judge held that Julia Ann took a fee and from this holding the appeal is taken. The case shows that Samuel M. McCollough was the husband of Julia Ann. Samuel was the only witness examined. He states, "I am the Sam McCollough referred to in that deed and attended

to the negotiations and arrangements leading up to the making of the deed. I had my old Boss, Colonel Pride, draw up the deed for me." The deed shows that Sam paid the money for the land. He states further, "I sold the land for Julia Ann McCollough in 1875 or 1876." The case shows that Sam bought the land, paid for it and conducted the sale. He sold a fee. It would be a great hardship on the purchaser and his assigns if he and his children were allowed now to recover on the construction that there was only a one-eighth interest sold by Sam. Of course, if that is the law, it is the law and it must be so decreed. It is not the law.

The case of *Chavis* v. *Chavis*, 57 S. C. 173, 35 S. E. 507, is conclusive of this case. In that case the deed was as follows:

"Know all men by these presents, That I, Rachael Patterson, for the natural love and conditions hereunder written, have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto my daughter, Sarah Chavis, three tracts of land (here follows descriptions of the land). I give the said tracts of land to my said daughter, Sarah Chavis, upon the following conditions: That my said daughter shall hold and enjoy said lands during her lifetime, and after her death to go to all her children. The same to be in no wise subject to the debts, contracts and engagements of her present husband, or any husband she may hereafter marry; and also upon the express condition that my said daughter, Sarah Chavis, shall, according to her conditions and means, maintain, support, clothe and nurse me during my lifetime. Together with all and singular the rights, members, hereditaments and appurtenances to the said premises belonging, or in any wise incident or belonging: To have and to hold all the premises heretofore mentioned unto the said Sarah Chavis, her heirs and assigns forever; and I do hereby bind myself, my heirs,

against all persons lawfully claiming, or to claim, the same or any part thereof."

The judgment of this Court is that the judgment appealed from is affirmed.