10941

ZOBEL v. LITTLE

(113 S. E. 68)

DEEDS—GRANT HELD TO CONVEY FEE NOT LIFE ESTATE WHEN CONSTRUED WITH HABENDUM AND WARRANTY.—Where the deed provided that the property should be grantee's property "during her natural life. At her death it is to become the property of her heirs then living" —but the habendum and warranty both read to the grantee and her heirs and assigns, without qualification, the deed gave her a fee simple title, and not a life estate only.

Before TOWNSEND, J., Richland. April, 1922. Affirmed.

Action by Edna Hyatt Zobel against Louise Zobel Little. Decree for plaintiff and defendant appeals.

*Messrs. Moffat & Marion,* for appellant, cite: *Haben-dum repugnant to the grant, and the grant should control*: 13 Cyc. 619: 39 S. C. 271: *Intention should govern*: 99 S. E. 356.

*Mr. Alfred Wallace, Jr.,* for respondent, cites: *Haben-dum determines the estate and deed granted a fee simple title*: 94 S. C. 1; 96 S. C. 233; 57 S. C. 173.

July 5, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The only question in this case is whether or not plaintiff has a fee simple title to the land described in the complaint, so as to be able to convey a fee simple title to the defendant. The master and the Circuit Judge both held that the plaintiff had a fee simple title; and the Circuit Judge decreed that defendant must perform her contract. From this decree defendant appealed on the following exceptions:

"The defendant, Louise Zobel Little, excepts to the decree of his Honor in the above-entitled case, for the reason, it is respectfully submitted, that his Honor erred in holding that the defendant should perform her contract, for the reason that plaintiff had tendered her a title which would convey the land in fee simple; said error being that plaintiff had only a life estate in said land, and could not therefore convey the land in fee simple."

The deed contains this provision out of which the controversy arose:

"Said property is conveyed to Edna Hyatt Zobel and is her property during her natural life. At her death it is to become the property of her heirs then living."

The habendum in the deed is as follows:

"To have and to hold all and singular the premises before mentioned, unto the said Edna Hyatt Zobel, heirs and assigns forever."

The warranty clause is as follows:

"And I do hereby bind myself, my heirs, executors and administrators, to warrant and forever defend, all and singular the said premises unto the said Edna Hyatt Zobel, her heirs and assigns, against me and my heirs lawfully claiming or to claim the same or any part thereof."

It was the intention of the grantor to convey the fee to Edna Hyatt Zobel. This is shown by the words, "said property is conveyed to Edna Hyatt Zobel and is her property during her natural life," in the granting clause, and by the habendum which enlarged her life estate into a fee. No reference is made in the habendum to the words "at her death it is to become the property of her heirs then living."

The authorities cited and the principles announced in the case of *Smith v. Clinkscales,* 102 S. C. 227, 85 S. E. 1064, show that the exception cannot be sustained.

Affirmed.