18732

C. K. LINDLER, Appellant, v. Eloise Daniel ADCOCK, Dr. Mildred
Eloise Adcock Bradham, Dr. David F. Adcock, Jr. and Jane
Daniel Adcock, a minor under 14 years of age, by her duly ap-
pointed Guardian *ad Litem,* Robert R. George, Respondents.

(158 S. E. (2d) 192)

*Messrs. Townsend & Townsend,* of Columbia, *for Appellant,*

*Messrs. Allan E. Fulmer* and *Hoover C. Blanton,* of Columbia, *for Respondents,*

December 1, 1967.

LITTLEJOHN, Justice.

In 1949, Drs. David F. Adcock, C. K. Lindler, and John W. Varner executed a written option, not then recorded, pertaining to a parcel of land in downtown Columbia which the three owned as tenants in common. Each retained a copy of the agreement which provided:

1. that the survivor or survivors had the option to buy the interest of the deceased party at the original cost of the property.

2. that should any of the parties desire to sell his interest in the property, the remaining party or parties had the option to buy at the original cost.

In 1954 Dr. Varner sold and conveyed his interest to Drs. Adcock and Lindler at the original cost. On January 3, 1955, Dr. Adcock died intestate leaving as his heirs his widow and three minor children, ages twenty, sixteen and three years.

This action was commenced in October, 1964, by Dr. Lindler against the heirs at law of Dr. Adcock, seeking

specific performance of the survivorship clause of the 1949 agreement. Approximately nine and one-half years had passed since Dr. Adcock's death. The plaintiff alleged that he had sought performance of the agreement by the heirs at law without success and sought performance in the complaint. The defendants, in their joint answer, denied plaintiff's claim for specific performance and asserted (1) that mutuality was lacking; (2) that the agreement was void for vagueness and indefiniteness; and (3) that the attempted exercise of the agreement was not within a reasonable time and barred by laches, waiver, and estoppel. The defendants asked that the agreement be declared null and the property partitioned.

The action was referred to the Master for Richland County and evidence taken. The Master recommended that specific performance of the option agreement be granted. Timely appeal was taken by the defendants to the Master's report and argued before the Honorable Robert W. Hayes as Presiding Judge of the Fifth Judicial Circuit.

Judge Hayes rejected the Master's report *in toto* except for the findings that the plaintiff and the defendants owned the subject real estate as tenants in common. He denied the plaintiff's prayer for specific performance of the 1949 agreement and ordered that the property be partitioned by sale at auction.

It is beyond question that plaintiff had an exercisable ▮ option to purchase the interest of Dr. Adcock upon his death. We must determine whether the plaintiff seasonably accepted the option. The courts will enforce only an option consummated by acceptance. The acceptance must be made unequivocally, unconditionally and without reservation. The acceptance of the option creates a bilateral contract between the giver and the holder of the option, binding both parties thereto. In addition, the option must be exercised in a reasonable time if no time is specified. 49 Am. Jur. 140, Specific Performance, 119.

The plaintiff contends that he exercised the option and consummated the contract on two occasions, once, two or three months after Dr. Adcock's death in 1955, and again in 1964, with the institution of this action.

Dr. Lindler testified as follows with regard to the alleged acceptance in 1955:

"Two or three months after his death I mentioned the agreement, and she (Mrs. Adcock) said, she began to immediately talk that she didn't want to sell. She didn't want to sell. She wanted to keep it, for the Doctor always kept his things, and maybe he would try to add to them. And, I was sympathetic with her and I tried to understand her. I said: 'Well, we will go along for awhile and see how we do.' I told the lady that."

The following questions and answers of Dr. Lindler ■ conclusively show that he did not unequivocally exercise the option soon after the death of Dr. Adcock, as he now contends:

"Q. Dr. Lindler, have you ever handed, or offered to hand, or give Mrs. Adcock a money order, or a check to purchase her interest, or the interest of the others in this property, at any time?

"A. Well, I have asked them several times what she wanted to do.

"Q. But, you never handed her money, or a check?

"A. Why should I? And, besides you have got to do a thing in a business like way."

Mrs. Adcock testified that Dr. Lindler did not even ■ mention the agreement prior to 1964. Under no theory could his alleged actions be interpreted to bind the minor children. In like manner his alleged acceptance was never sufficient that Mrs. Adcock or the children could have bound him to carry out the agreement. A mere determination to accept an option is insufficient.

In October of 1964, over nine and one-half years after the option ripened, Dr. Lindler manifested a definite intention

to the heirs of Dr. Adcock to exercise the option by institution of this action. The agreement was recorded for the first time during 1964.

There was convincing evidence that the value of the property had increased from about $22,000 to about $35,000. There have been significant improvements in adjacent properties, including the South Carolina Baptist Hospital located less than a block away.

An action for specific performance of a contract cannot be maintained until and unless there is a binding acceptance of an option, because until that time there is no binding contract to enforce.

We therefore consider the case in the light of a delay of more than nine years in exercising the option and proceed to determine whether the plaintiff was guilty of laches such as to bar the right to specific performance as alleged by the defendants. In *Byrd v. King* (1965), 245 S. C. 247, 140 S. E. (2d) 158, the court found that in an instance in which the plaintiff waited ten years to bring an action to set aside a deed and did not explain the delay, such defendant was guilty of laches, and we said, quoting the case of *Bagwell v. Hinton,* 205 S. C. 377, 32 S. E. (2d) 147:

"For the defendants to show that the plaintiff has been guilty of laches, the defendant must show: First, a delay of an unreasonable length of time by the plaintiff in instituting the action; and second, that such delay is unexplainable and negligent in failing to do what in law should have been done."

Whether there is unreasonable delay in accepting an option or an offer, and whether such delay is explained to the exclusion of negligence depends on all of the surrounding circumstances. The argument of counsel for defendants that plaintiff should not be permitted to wait until the price is right before accepting the offer has much appeal.

In this case the trial judge has held:

"The plaintiff knowingly neglected to do what he could have and should have done for an unreasonable

and unexplained length of time and under circumstances which afforded opportunity for diligence. He is barred by laches."

Under the evidence hereinabove referred to and disclosed by the record we think that the trial judge was correct in his ruling.

By proper exception the appellant challenges the correctness of the trial judge in ordering the property sold at auction rather than partitioned in kind. Little evidence is submitted on this point, but we cannot say that the ruling of Judge Hayes is without adequate evidentiary support. The one city lot involved fronts 94 feet on a busy downtown street. The parties to this action own this property in the following proportions: Dr. C. K. Lindler 9/18, Eloise Daniel Adcock 3/18, Dr. Mildred Eloise Adcock Bradham 2/18, Dr. David F. Adcock, Jr. 2/18, and Jane Daniel Adcock 2/18. It is patent that this property cannot be partitioned in kind and the Circuit Judge was correct in so holding. The case is hereby returned to the Circuit Court for the purpose of setting a new sales date and for such other proceedings as are necessary to carry out the views expressed herein.

Let the order of the lower court be

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.