SASHA MALOFF, APPELLANT, *v.* B–NEVA, INC.,
A CORPORATION, RESPONDENT.

No. 5750

July 14, 1969                              456 P.2d 438

*Lester H. Berkson,* of Zephyr Cove, for Appellant.

*Manoukian & Manoukian,* of Zephyr Cove, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This case concerns two option agreements for the purchase of parcels of real property at Lake Tahoe. The optionee, Maloff, brought suit against the optionor, B–Neva, Inc., to recover $20,000 paid as consideration for the options. The district court held that the optionee had not exercised his options and had forfeited the consideration paid for them. From the judgment entered for the optionor, the optionee has appealed. We have concluded that the options were validly exercised, that neither party repudiated his obligations thereafter, and that each remains conditionally bound to perform the agreements.

Three separate parcels of land are involved. On September 28, 1965 Maloff purchased parcel A from B–Neva for $100,-000; $29,000 down, and the balance pursuant to a promissory note secured by a deed of trust. At that time it was agreed that Maloff would be given options to purchase parcels B and C upon the same terms as the purchase of parcel A. He paid $10,000 for each option. Formal option agreements were later prepared and recorded. Each option provided: "Optionee, Sasha Maloff, to signify his intention to take or reject the same by due notice in writing within the time above specified, and a failure to serve such notice within the time specified shall terminate this option without further action, time being the essence of this agreement."

It is undisputed that the optionee, Maloff, timely notified the optionor of his intent to exercise his options. What thereafter occurred is uncertain. There is evidence that the optionee immediately opened an escrow with Nevada Title Guaranty Co. with instructions as to payments, etc., conforming to the terms upon which parcel A was purchased. Those instructions required the approval of the seller optionor before the buyer optionee was to make his down payments and sign promissory notes. There is evidence also that the instructions thus prepared were mailed to the optionor. The optionor denies ever receiving

a copy of the escrow instructions, and the trial court apparently believed the optionor on this point. Nothing more was done by either party until this suit was commenced. In short, the seller did nothing because he never received a copy of the escrow instructions which he was to approve, and the buyer did nothing because he never received in return any approved instructions.

The options were exercised when the optionee gave unequivocal notice of his present intention to do so. This was the mode of acceptance prescribed by the optionor. The firm option offer became a bilateral contract of sale when acceptance was given in the manner prescribed. Vol. 1A, Corbin on Contracts § 264 at 513–14; see also Finnell v. Bromberg, 79 Nev. 211, 381 P.2d 221 (1963), and Milner v. Dudrey, 77 Nev. 256, 362 P.2d 439 (1961), where both notice and tender of performance was required. Neither was in default thereafter for the reasons already expressed, and neither should be penalized at this juncture. Professor Corbin briefly alluded to this situation when timely notice of acceptance has been given, stating: "If neither party repudiates, or makes tender, no breach has occurred. How long this siuation might continue, and yet both parties remain conditionally bound has not been established by the law. It probably would be a rather long time, since the two parties are exactly on a par and neither is in default." Id. at 602.

Fairness demands that liability should not at this time be assessed to either party for the impasse thus reached. The seller should have an opportunity to accept the escrow instructions within a reasonable time, and the buyer to proceed with his purchase through escrow within 45 days thereafter, or forfeit the consideration which he paid for the options.[1]

Reversed and remanded for entry of judgment in accordance with this option.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.

---

[1]This period of time for the buyer's performance was specified in the purchase of parcel A, and since the options are on the same terms, applies here as well.