## 20573

Mable T. WAYBURN, Respondent, v. James M. SMITH, Allie Walker, Ruby W. Hott, Margaret L. Carder, Raymond Walker, Larry Walker, Joyce W. All, Madean Carder, Lois W. Slashinski, Ruth W. Blalock, Betty Walker and Helen Walker, and all children and grandchildren of Allie Walker, Individually, and as representatives of the classes to which they belong as possible heirs of the body of Allie Walker, and all persons entitled to claim under or through them or any of them both known and unknown, in esse and unborn, aso, all other persons unknown claiming any right, title, interest in or lien upon the real estate described in the Complaint herein, any unknown adults being a class designated as John Doe and any unknown infants or persons under disability or persons in military service designated as a class Richard Roe, also James W. Walker, Betty Ann Walker, Helen Elizabeth Walker, Mary Walker Deans, Scott Deans, Darren Deans, and Shane Deans, of whom Ruby W. Hott, Margaret L. Carder, Raymond Walker, Larry Walker, Joyce W. All, Madean Carder, Lois W. Slashinski, James W. Walker, Betty Ann Walker, Helen Elizabeth Walker, Mary Walker Deans, Scott Deans, Darren Deans, and Shane Deans are, Appellants.

(239 S. E. (2d) 890)

*W. Reid Cox, Jr.,* of *Graydon, Suber and Adams,* and *Luther M. Lee* and *Kenneth M. Suggs,* Columbia, *for Appellants,*

*Marchant, Bates & Todd,* of Columbia, *for Respondent,*

December 28, 1977.

LITTLEJOHN, Justice:

This action was brought by plaintiff-respondent Mable T. Wayburn against James M. Smith for specific performance of a contract for the purchase of real estate. Smith's answer alleged that Wayburn did not have fee simple title to the property by reason of the provisions of a deed from W. J. Wooten to Allie Walker, Wayburn's predecessor in title. The remaining defendants were either joined or moved to intervene on the grounds that they might have an interest in the property which is the subject of the action.

By order of the lower court the matter was referred to the Master in Equity for the taking of testimony and making recommendations. The master concluded in his report

that Wayburn owned the property in fee simple and thus was able to convey a fee simple title. The circuit judge affirmed the master's report as to the result, and construed the deed as conveying a fee simple absolute. Certain heirs of Wayburn's predecessor in title (Allie Walker) appeal.

We are called upon to determine the estate conveyed by the deed from W. J. Wooten, grantor, to his daughter Allie Walker, grantee.

The premises of the deed states:

"Know All Men by These Presents, That I W. J. Wooten of Blythewood, S. C. desire to convey to Allie Walker this tract of land (100) acres to have and to hold her natural life, at her death it is to revert to heirs of her body."

The pertinent portion of the granting clause in the deed is as follows:

". . . I have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the said Allie Walker . . ."

The deed contains the following *habendum* clause:

"To Have and To Hold all and singular the premises before mentioned unto the said Allie Walker her Heirs and Assigns forever."

The appellants contend that the premises of the deed created a life estate in Allie Walker with a remainder to the heirs of her body. Alternatively, they argue that the language may be construed together as creating a defeasible fee in Allie Walker, which fee is divested by her death with heirs of her body surviving. We disagree.

In the construction of this deed, we are guided by two settled rules of law. First, the intention of the grantor must be ascertained and effectuated, unless that intention contravenes some well settled rule of law or public policy. *County of Abbeville v. Knox,* 267 S. C. 38, 225 S. E. (2d) 863 (1976). Secondly, in ascertaining such

intention the deed must be construed as a whole, and effect given to every part thereof, if such can be done consistently with law. *Bean v. Bean,* 253 S. C. 340, 170 S. E. (2d) 654 (1969).

It is the rule in this State that where an incomplete or indefinite estate is conveyed by the granting clause, as for instance where no words of inheritance accompany the grant, or where the granting clause creates a life estate, resort may be had to the *habendum* for the purpose of ascertaining the intention of the grantor and thus a life estate may be enlarged into a fee simple estate. *Bean v. Bean, supra; Chavis v. Chavis,* 57 S. C. 173, 35 S. E. 507 (1900); *Zobel v. Little,* 120 S. C. 212, 113 S. E. 68 (1922).

The granting clause in the subject deed gave the property "to Allie Walker," and contained no words of inheritance. Thus, a life estate by implication was granted to Allie Walker. *Chavis v. Chavis, supra; McMichael v. McMichael,* 51 S. C. 555, 29 S. E. 403 (1898). Since the granting clause did not make a complete disposition of the title to the property, resort must be had to the *habendum* clause for the purpose of ascertaining the quantity of the estate intended to be conveyed. The *habendum* contained the traditional words of inheritance, and therefore had the effect of enlarging the life estate conveyed by the granting clause into a fee simple.

The case of *Zobel v. Little, supra,* is factually similar to the instant case. There, the granting clause states:

"Said property is conveyed to Edna Hyatt Zobel and is her property during her natural life. At her death it is to become the property of her heirs then living."

The deed contained the following *habendum*:

"To Have and to Hold all and singular the premises before mentioned, unto the said Edna Hyatt Zobel, heirs and assigns forever."

The court construed the *habendum* as enlarging the life estate conveyed by the granting clause into a fee simple.

While we concede that it appears from a reading of the language in the premises of the deed that the grantor may have intended to convey a life estate to Allie Walker with a remainder to the heirs of her body, it is essential that the long established law affecting title to real estate be maintained. This consideration is expressed in *Creswell v. Bank of Greenwood,* 210 S. C. 47, 41 S. E. (2d) 393 (1947), as follows:

"The conclusion reached by the lower court, which we affirm, with respect to the construction of the deed, is inevitable under our fixed rules of law which leave no room for speculation upon the intent of the grantor. The latter is to be achieved in the construction of writings, if ascertainable therefrom and consistent with applicable legal principles; but intention is unavailing to avoid the latter where words of settled legal import are used and contrary principles are encountered. In such cases the intention will be conclusively presumed to accord with the established meaning of the words and to conform to the fixed rules of construction. Otherwise, there would be little stability of land titles." *Accord, County of Abbeville v. Knox, supra.*

The contention of appellants that the lower court erred in ruling on questions not raised by defendants' exceptions to the master's report has been considered and found without merit.

The judgment of the lower court is

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.