641 P.2d 527

**BOOTHE FINANCIAL CORPORATION, Plaintiff-Appellee,**

v.

**LORETTO BLOCK, INC., a corporation, Teme, Ltd., (also known as Tema Ltd.), a partnership, James F. Kirkpatrick and Charles H. Kirkpatrick, Defendants-Appellants.**

**LORETTO BLOCK, INC., a New Mexico corporation, Teme, Ltd., an Oklahoma limited partnership, Counterclaimants-Appellees,**

v.

**BOOTHE FINANCIAL CORPORATION, IDS Mortgage Corporation, IDR Management Corporation, D. P. Boothe, Jr., Craig R. Stapleton, and Joseph M. Graham, Counterdefendants-Appellants.**

**Nos. 5304, 5305.**

Court of Appeals of New Mexico.

Feb. 9, 1982.

Thomas A. Simons, IV, Simons, Cuddy & Friedman, Santa Fe, for plaintiff-appellee and counterdefendants-appellants.

Booker Kelly, White, Koch, Kelly & McCarthy, P. A., Santa Fe, for defendants-appellants and counterclaimants-appellees.

## OPINION

SUTIN, Judge.

Plaintiff, Boothe Financial Corporation (Boothe), and Boothe, et al., as counterdefendants moved for partial summary judgment as follows:

1. On the Complaint that, as a matter of law, plaintiff had the right of possession of The Inn of Loretto, Santa Fe from January 1, 1980, to February 29, 1980. [This partial summary judgment was granted.]

2. On the counterclaim of Loretto Block, Inc., a New Mexico Corporation (Block), Teme Ltd, an Oklahoma Limited Partnership (Teme), et al., under Count I and II independently and as a claim for punitive damages. [This partial summary judgment was denied.]

Defendants Block and Teme, et al., moved for partial summary judgment on Counts I, IV and V of plaintiff's complaint. This partial summary judgment was denied. No appeal was taken from this judgment.

Defendants were granted an interlocutory appeal from the partial summary judgment entered by the district court in favor of Boothe.

Plaintiff and counterdefendants were also granted an interlocutory appeal.

Both interlocutory appeals were consolidated.

We affirm the partial summary judgment entered by the district court.

A. *Boothe was entitled to possession of The Inn during the period of time involved.*

As to the right of possession of The Inn, the parties stipulated that no genuine issue of material fact existed. The issue was one of law for the court to decide.

On September 1, 1978, Boothe leased The Inn to Block. Boothe was the lessor and Block the lessee.

On September 1, 1978 Boothe and Teme entered into an option agreement whereby Teme would purchase The Inn. Boothe was the optionor and Teme the optionee.

The lease and option to purchase agreements were separate instruments, each without reference to the other. Both agreements expired on December 31, 1979. On December 29, 1979, Teme exercised its option to purchase The Inn. On December 31, 1979, all of the common stock of Block was transferred to Teme. Block, however, did not assign its lease to Teme. Block remained the lessee.

Under the terms of the option, Teme established a closing date of 60 days from December 29, 1979, i.e., February 29, 1980.

As to the right of possession from January 1, 1980, to February 29, 1980, the lease specified that Block's right terminated at midnight, December 31, 1979. Its right to possession actually terminated. The option agreement made no reference to Teme's right to possession. It provided that "Upon payment of the full purchase price to * * * [Boothe], * * * [Boothe] shall by Special Warranty Deed and Bill of Sale convey the herein described property to Teme."

The trial court concluded that, under the option agreement of September 1, 1978, Teme, the option holder, was not the same entity as Block, the lessee under the lease agreement of September 1, 1978. Therefore, Boothe, the optionor and lessor, was entitled to the possession of The Inn of Loretto as a matter of law from January 1, 1980, through February 29, 1980.

Block and Teme claim:

The fact that the lessee and optionee were different named entities did not entitle Boothe to possession for the disputed period because a tenant in possession who exercises an option to purchase is entitled to remain in possession until the time of closing without the obligation to pay rents or profits to the landlord vendor.

Block and Teme are mistaken. The Boothe-Block lease did not contain within it an option to purchase The Inn. As a result, Block, the tenant in possession of The Inn, did *not* exercise the option to purchase. The Boothe-Block lease expired at midnight, December 31, 1979. When Teme exercised its option to purchase The Inn on December 29, 1979, the option was converted into a bilateral contract of purchase and sale binding on both parties. *Rank v. Sullivan*, 132 So.2d 32 (Fla.App.1961); *H. M. R., Inc. v. Boeckenhauer*, 24 Ill.2d 65, 179 N.E.2d 613 (1962); *Renner v. Crisman*, 80 S.D. 532, 127 N.W.2d 717 (1964); *Schlee v. Bryant*, 247 Md. 689, 234 A.2d 457 (1967); *Lindler v. Adcock*, 250 S.C. 383, 158 S.E.2d 192 (1967); *Maloff v. B–Neva, Inc.*, 85 Nev. 471, 456 P.2d 438 (1969); *Killam v. Tenney*, 229 Or. 134, 366 P.2d 739 (1961); 91 C.J.S. Vendor & Purchaser, § 13 (1955).

■ "The general rule is that unless the contract provides for possession, the right of a contract purchaser to possession does not become operative until full payment of the purchase price." *Emmons v. State,* 305 Mich. 406, 9 N.W.2d 657, 658 (1943); *Nuquist v. Bauscher,* 71 Idaho 89, 227 P.2d 83 (1951); *Turney v. Collins,* 48 Cal.App.2d 381, 119 P.2d 954 (1941); *Brannock v. Fletcher,* 271 N.C. 65, 155 S.E.2d 532 (1967); *White v. Coates,* 17 Wash.2d 686, 137 P.2d 113 (1943); Anno. *Effect of failure of contract for sale or exchange of real estate to specify time for giving of possession,* 56 A.L.R.2d 1272 (1957); 77 Am.Jur.2d *Vendor and Purchaser,* § 352 (1975); 92 C.J.S. *Vendor & Purchaser,* § 284 (1955). Where the real estate contract is silent as to when possession of the land is to be given to the purchaser, the vendor should have that possession as a means of compelling performance on the part of the purchaser. *Pitcher v. Lauritzen,* 18 Utah 2d 368, 423 P.2d 491 (1967).

The Boothe-Teme option to purchase did not indicate any possessory right in Teme prior to February 29, 1979, the date for payment of the purchase price.

Teme relies on the well-settled rule that *when a lessee exercises his right to purchase within the time given by the lease,* the relation of landlord and tenant ceases and that of vender and purchaser arises, and equitable title passes to the vendee. *Young v. Cities Service Oil Company,* 33 Md.App. 315, 364 A.2d 603 (1976) (wherein authorities are collected). *Amann v. Frederick,* 257 N.W.2d 436 (N.D.1977). "'It is the exercise of the option during the term of the lease which extinguishes the lease and terminates the relation of landlord and tenant. When the option is exercised, the lease and all its incidents, express or implied, are blotted out of existence, and the relationship of vendor and vendee created.'" *Angus Hunt Ranch, Inc. v. Bowen,* 571 P.2d 974, 979 (Wyo.1977); *Cities Service Oil Co. v. Viering,* 404 Ill. 538, 89 N.E.2d 392 (1949).

■ This rule applies when the lessee is also the optionee in the lease agreement.

Then they are the same entity in a single document. Teme submits that the trial court erroneously put form over substance in concluding that Block and Teme were not the same entity. "Form" is the antithesis of "substance." "Form relates to technical details regardless of substance while substance is that which is essential." *Potts v. Miller,* 73 S.D. 145, 39 N.W.2d 667, 671 (1949).

■ Block was a New Mexico Corporation. It was the lessee of The Inn. The fact that Teme acquired all of its stock on December 31, 1979 did not change Block's form as a corporate lessee. Although a stockholder owns all of the stock of a corporation, the corporation and the stockholder are separate entities. *Bank of New Mexico v. Rice,* 78 N.M. 170, 429 P.2d 368 (1967). Teme claims that Block was a nominee corporation of a different limited partnership up until December 31, 1979. It was not a nominee corporation of Teme. In any event, when Teme acquired all of Block's shares on December 31, 1979, Block was no longer a nominee corporation. Teme did not become the lessee. Teme was an Oklahoma limited partnership that acquired an option to purchase The Inn. A corporate lessee and partnership optionee are different entities. This is a substantive difference. Block, as lessee, could not exercise the acceptance of the option to purchase, both being separate documents without reference to each other. To summarily declare Block and Teme to be the same entity would prejudice the rights of Boothe. This fact alone strikes out "form" and leaves "substance" intact. The trial court correctly concluded that Block and Teme were not the same entity.

Partial summary judgment granted Boothe is affirmed.

B. *Counterdefendants are not entitled to partial summary judgment on counterplaintiffs' counterclaim.*

Counterplaintiffs will be called "Teme." Counterdefendants will be called "Boothe."

Teme filed a counterclaim in two counts.

Count I claims that Boothe "undertook a course of conduct of economic coercion and other wrongful acts to interfere and obstruct the performance by TEME Ltd. of its rights under the option."

Count II realleged Count I and claimed that Boothe owed a fiduciary duty to Teme, the breach of which caused Teme great damage.

The counterclaim sought compensatory and punitive damages.

Boothe filed a motion for partial (?) summary judgment. The trial court found that there were genuine issues as to material facts and denied the motion.

Boothe sets forth four pages of "Further Relevant Facts" to support its motion. It seeks a complete summary judgment, one that claims there are no genuine issues of material facts in Counts I and II of Teme's counterclaim.

There were many complicated transactions between these parties that led to the litigation. Without a discussion of the factual issues involved, we agree with the trial court that there are genuine issues of material fact.

We affirm the trial court.

Affirmed. The costs of this appeal shall be paid one-half by Boothe and one-half by Teme.

IT IS SO ORDERED.

WALTERS, C. J., and LOPEZ, J., concur.