1463

Harold H. WALL, Respondent v. David HUGUENIN, individually and as Trustee, Cathy Armstrong, Julius A. Huguenin and Edward U. Huguenin, Appellants.

(390 S. E. (2d) 372)

Court of Appeals

*Darrell Thomas Johnson, Jr.*, Hardeeville, *Robert W. Dibble, Jr.*, of *McNair Law Firm*, and *Stephen A. Spitz*, Columbia, *for appellants.*

*Gary D. Brown*, Ridgeland, and *James B. Richardson, Jr.*, of *Richardson & Smith*, Columbia, *for respondent.*

Heard Jan. 23, 1990.

Decided Feb. 20, 1990.

CURETON, Judge:

In this action to quiet title the circuit court confirmed the special referee's findings that Wall owns the roads and a duck pond on property he had purchased from the Huguenin family. The Huguenin family also appeals the circuit court's confirmation[1] of the special referee's finding that laches barred them from enforcing an option to purchase a portion of the property. We affirm.

During the period 1972-74, Harold Wall and his brothers[2] acquired three tracts of land from Edward P. Huguenin, the father of the appellants. The tracts consisted of 193 acres, 530 acres, and 112 acres (less two acres retained for a home place). The deed to this third tract states the acreage conveyed was 101.161 acres. The referee found an error in transposition and concluded the acreage should have read 110.161 acres because the full tract of 112.161 acres minus two acres for the home place equals 110.161.

[1] Hereafter, when we refer to the referee's decision we refer to the concurring decisions of both the circuit court and the referee.

[2] The brothers subsequently conveyed their interests to Wall.

The initial hearing before the special referee focused on ownership of the duck pond and of the road from S. C. Hghway 462 to the driveway leading to the property now owned by the Huguenin family.[3] A supplemental hearing before the referee focused on the validity and enforceability of an option held by the Huguenin family.

The issues raised on appeal are whether the referee's findings are without evidentiary support or against the clear preponderance of the evidence. The referee found (1) laches bars the Huguenins from enforcing the option to repurchase a portion of the property; (2) the duck pond was conveyed as a part of the October 7, 1974, conveyance from the father to Wall; and (3) Wall owns the road that runs from S. C. Highway 462 through his property.

An action to quiet title is an equitable action. *Bryan v. Bryan*, 285 S. C. 434, 330, S. E. (2d) 310 (Ct. App. 1985). In an equity action tried by a special referee, whose findings are concurred in by a circuit judge, the concurrent findings will not be disturbed on appeal unless found to be without evidentiary support or against the clear preponderance of the evidence. *Ex Parte Guaranty Bank & Trust Co.*, 255 S. C. 106, 177 S. E. (2d) 358 (1970); *Townes Associates Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

## OPTION

The option in controversy was dated October 7, 1974. It was between Weldon Wall, brother of respondent and a former part owner of the property in question, and Edward Huguenin, Jr. It granted to the father an open-ended right to buy back some of the land conveyed by him to the Walls.[4] Following the referee's report in the first hearing, the Huguenins attempted to exercise this option. Wall moved to reopen the hearing to consider the validity and

---

[3] While the referee and court found that another road or path was also owned by Wall, no argument is made in the appellants' brief concerning the ownership of that road or path. Thus, it presents no issue on appeal.

[4] Respondent, Harold Wall, claimed he had no knowledge of the option. However, the referee found he and his brother Weldon were joint adventurers in the purchase of the property and, under agency principles, knowledge to Weldon would be implied to Harold. Harold does not challenge this conclusion.

enforceability of the option. The referee reopened the hearing. After taking testimony he found the option valid but unenforceable because of laches. The referee cited the case of *Lindler v. Adcock*, 250 S. C. 383, 158 S. E. (2d) 192 (1967), for the proposition that the 13 year delay by the Huguenins in excercising the option was unreasonable.

The Huguenins argue the referee and trial judge erred in applying laches because Wall did not establish the elements of laches. They argue the delay was reasonable and the referee erred in imposing a 10 year period as the yardstick for determining whether laches had occurred. We agree the cases do not impose a hard and fast 10 year rule. However, under the facts of this case, we agree with the referee that the 13 year delay was unreasonable. *Lindler*, 250 S. C. 383, 158 S. E. (2d) 192 (an option must be exercised in a reasonable period of time if no time is specified).

The Huguenins also argue the facts of this case do not show the delay was inexplicable and negligent. In support of this argument they argue their father was never in a financial position to exercise the option. They also argue Wall effectively precluded the exercise of the option by heavily mortgaging the property thus making it impractical to obtain a release of the property from the mortgage. The referee found the financial condition of the father did not constitute an excuse for failure to exercise the option. He also found the mortgage on the property did not prevent the Huguenins from exercising their option rights. These findings are not without evidentiary support or against the clear preponderance of the evidence. The Huguenins have not shown Wall would have been unable to obtain a release of the property from the mortgage. Likewise, the fact the father was financially unable to exercise the option during his lifetime is not the fault of Wall.

The Huguenins also argue it was inappropriate for the referee to consider the validity and enforceability of the option because the pleadings do not raise that issue. We disagree. Wall made a motion before the referee to reopen the hearing to consider the issue after the Huguenins attempted to exercise the option. The record shows no objection to or appeal of the referee's order reopening the hearing. The record also shows the Huguenins acquiesced in the

supplementary hearing which all parties understood was held to dispose of unsettled issues in the quiet title action. Furthermore, the complaint is broad enough to comprehend a challenge to the validity of the option.

We summarily reject the Huguenins arguments that laches was inappropriate because Wall came into court with unclean hands. This argument is manifestly without merit and we dispose of it under *S. C. Code Ann.* Section 14-8-250 (Cum. Supp. 1989).

## DUCK POND

The Huguenins argue the referee was in error in finding Wall was the owner of an 11.206 acre parcel of land known as the Duck Pond. Their argument is that a 1974 deed from the father to Wall did not convey the Duck Pond property. Whether or not the tract of land passed under the 1974 deed is not dispositive. The referee also found Wall now owns the tract by adverse possession. No exception or argument challenges this ruling. An alternative ruling of a lower court that is not excepted to constitutes a basis for affirming the lower court and is not reviewable on appeal. *Moody v. McLellan,* 295 S. C. 157, 367 S. E. (2d) 449 (Ct App. 1988).

## ROAD FROM HIGHWAY 462

As noted previously, Wall received the property by three deeds. The subject road lies within property formerly contained in either or both the 193 acre tract and the 530 acre tract. The 193 acre tract makes up the northernmost part of the entire tract and was deeded by the father to Wall in 1972. The property description in the deed gives as its southern boundary lands "now or formerly of Huguenin." The 530 acre tract which is situated generally south of the 193 acre tract gives as its northern boundary the 193 acre tract. The other tract consisting of approximately 110 acres lies generally east of the 530 acre tract. A plat depicts the questioned road as running generally along a portion of the boundary between the 193 and the 530 acre tracts. The deed makes no reference to the road. The deed to the 530 acre tract contains the following language following the description.

Also right of ingress and egress over the driveway of the said Edward P. Huguenin, Jr. leading from S. C. Highway No. 462 to his home and the right of ingress and egress over the old road leading from S. C. Highway No. 19 along the property line of that property being retained by the said Edward P. Huguenin, Jr.

Additionally, by a 1981 deed, the father conveyed an easement over the subject road to Daniel E. Henderson. A dispute arose between Henderson and Wall over the use of the road. Henderson filed suit against Wall. The suit was settled by a consent order. The consent order reads in pertinent part:

[Wall] further recognizes the validity of [Henderson's] Easement over and across the dirt road leading from S. C. Highway 462 to the point of beginning referred to above; further, and in addition to the above, [Wall] recognizes and admits the validity of [Henderson's] Easement duly recorded in the Office of the Clerk of Court for Jasper County in Deed Book 83, at page 562.

The Huguenins argue the combined import of the 1972 deed and the consent order together with the father's use and maintenance of the road demonstrate their father intended to retain ownership of the road and the 1972 deed granted to Wall only an easement to use it. The referee rejected this argument and held the 1972 deed conveyed all property contained within its description to include the road. He concluded the language in the 1972 deed regarding an easement "refers to an additional right of ingress and egress to the Grantees, being the Walls...."

The plat of the acreage does not depict the area of the road as a separate tract. No metes and bounds for the road are shown. This is important considering Wall's testimony the property was purchased on a per acre basis and no deduction was made for the property contained in the road. Additionally, Wall and other witnesses testified without contradiction that the easement in the 1972 deed referred to a 750 foot driveway located on property retained by the father in 1972 and not to the road in question. Finally, the Huguenins admitted they had never received a tax notice for the property contained in the road.

While the 1972 deed is not made a part of the record, we assume it contained the usual language in the granting clause. Wall argues the effect of the easement language is to lessen the otherwise fee simple estate previously granted. In construing a deed the intention of the grantor must be ascertained and effectuated, unless that intention contravenes some well-settled rule of law or public policy. *Wayburn v. Smith*, 270 S. C. 38, 239 S. E. (2d) 890 (1977). Any ambiguity in a deed is construed against the grantor. *Ward v. Woodward*, 287 S. C. 343, 338 S. E. (2d) 347 (Ct. App. 1985). In case of conflict between two provisions in a deed, the last shall yield to the first and the first is to be given its full effect. *Glasgow v. Glasgow*, 221 S. C. 322, 70 S. E. (2d) 432 (1952).

Considering the facts of this case in light of the settled rules of construction discussed above, we cannot say the referee's findings were without evidentiary support or against the clear preponderance of the evidence. Accordingly, the order of the trial court is affirmed.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.

