MEMORANDUM **
Plaintiff-Appellant Stephen Ezell appeals the district court’s grant of summary judgment in favor of Defendant-Appellee Rick Burton in the parties’ dispute over Ezell’s investment in an Arizona land development venture in which Burton was involved. Ezell alleged that Burton violated federal securities laws and Nevada state law[1] by misleading Ezell about the potential for success of the development.
All of the alleged misleading statements and omissions occurred after Ezell had exercised an option to sell his interest in the development to Burton for a fixed price. The district court concluded that all of Ezell’s claims failed because his exercise of the option was irrevocable; therefore, that he could not have been prejudiced by any subsequent misrepresentations by Burton. We agree and affirm.
Although there appears to be no Nevada case expressly stating that the exercise of an option cannot be revoked, irrevocability follows from basic principles of contract law. Under Nevada law, the decision to exercise an option creates a bilateral contract between the optionor and the optionee. Maloff v. B-Neva, Inc., 85 Nev. 471, 456 P.2d 438, 439 (1969); McCall v. Carlson, 63 Nev. 390, 172 P.2d 171, 185 (1946). Irrevocability is the necessary corollary to the creation of a bilateral contract — a contract, once formed, can be rescinded only upon the mutual agreement of both parties. Bates v. Chronister, 100 Nev. 675, 691 P.2d 865, 869 (1984); Holland v. Crummer Corp., 78 Nev. 1, 368 P.2d 63, 66 (1962). If the exercise of an option were revocable, the exerciser of the option would be free to breach the resulting contract at will.
Ezell argues in the alternative that, even if the general rule is that options cannot be revoked once exercised, in this case, the parties intended the option to be revocable. But the option contract does not address revocability, and under Nevada law, when a contract is silent on a term, the general rule — in this case, irrevocability of the exercise of an option — applies. See Kaldi v. Farmers Ins. Exch., 117 Nev. 273, 21 P.3d 16, 21-22 (2001) (holding that, where the general rule is that employment is at will, a contract’s silence on at-will status does not create an ambiguity).
Ezell contends that he should be permitted to introduce extrinsic evidence to show that the parties intended to allow revoca *761 tion, but this evidence is inadmissible under Nevada’s parol evidence rule. Ezell may not introduce parol evidence of his interpretation of the term “option.” When a word is not ambiguous on its face, parol evidence is admissible in Nevada only to show that it has a specialized meaning that a judge might not be aware of. See id. Ezell presented no evidence of this kind as to the word option, a well-understood, commonly used term in Nevada law. See, e.g., Maloff, 456 P.2d at 438-39; McCall, 172 P.2d at 185.
Ezell would be permitted to introduce parol evidence to show that the parties came to a separate agreement that does not contradict the terms of the written contract. Ringle v. Bruton, 120 Nev. 82, 86 P.3d 1032, 1037 (2004). But Ezell has produced no evidence of such an agreement. The evidence from Ezell’s own deposition shows only that he believed the option would be revocable, not that Burton had agreed with him.[2]
Under Nevada law, the contract unambiguously did not allow Ezell to revoke his exercise of the option to sell his interest in the property. The district court was therefore correct in granting summary judgment in favor of Burton.
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. The parties agree that Nevada law governs the state-law claims.

. Ezell contends for the first time on appeal that an excerpt of his own deposition testimony indicates that Burton agreed that the option would be revocable. In fact, the testimony states only that Ezell told Burton, both in person and in an e-mail, that the option would be revocable, and that Burton did not respond. This was how Ezell himself interpreted the testimony in proceedings before the district court. If Ezell had meant to say that Burton told him that the option contract was revocable, Ezell could have said so directly and clearly. Ezell's new proposed interpretation of the deposition testimony is simply not reasonable. Although the court is bound to interpret the evidence in Ezell's favor, "[a]t summary judgment, this court need not draw all possible inferences in ... favor [of the non-moving party], but only all reasonable ones.” Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 n. 10 (9th Cir.2002) (emphasis in original).